UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ARVY PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:14-CV- |
| | § | |
| ZWS/ABS JOINT VENTURE, | § | |
| d/b/a ZERO WASTE SOLUTIONS, | § | **JURY DEMAND** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

Comes now ARVY PETERS, Plaintiff, and respectfully shows the Court as follows:

## INTRODUCTION

1.

This is an action to recover overtime compensation which Defendant failed to pay to Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq; and for reinstatement of Plaintiff to his rightful position in employment. Defendant terminated Plaintiff's employment after he complained to his supervisor about not being paid overtime compensation for his overtime hours, and after Plaintiff complained to his supervisor that he was offended by his use of a racial epithet, in violation of Title VII.

## JURISDICTION

2.

Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and the Civil Rights Act of 1964. Plaintiff seeks unpaid overtime compensation, seeks reinstatement to his employment, and other remedies as allowed by the Fair Labor Standards Act. Plaintiff's Complaint also includes a claim of retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

1

## VENUE

**3.**

Venue is properly laid in this Court in that Plaintiff is a resident of Brunswick, Glynn County, Georgia, the incidents complained of herein occurred in this judicial district and division, and the Defendant conducts business in this judicial district and division.

## PARTIES

**4.**

Plaintiff is a citizen of the United States and a resident of Glynn County, Georgia. Prior to his termination, Plaintiff was employed by Defendant as an Environmental Coordinator for almost two and one-half (2-1/2) years.

**5.**

Defendant is a foreign corporation doing business on a contract basis in Georgia for the Federal Law Enforcement Training Center. Defendant's principal office address is: 1850 Gateway Blvd., Suite 1030, P.O. Box 5097, Concord, CA 94520, and Defendant may be served by serving their counsel and/or by serving Shavila Singh, President of ZWS/ABS Joint Venture d/b/a Zero Waste Solutions.

## ADMINISTRATIVE PROCEEDINGS

**6.**

Plaintiff filed a charge of discrimination on the basis of his race and retaliation with the Equal Employment Opportunity Commission (hereinafter referred to as the EEOC) within 180 days of the occurrences of the acts of which he complains herein.

**7.**

On or about March 13, 2014, Plaintiff received a Notice of Suit Rights from the

EEOC with respect to his charge of discrimination on the basis of his race, African American, and retaliation in violation of Title VII. This was Charge Number 415-2014-00158.

**8.**

This civil action is being filed in the appropriate court within ninety (90) days of Plaintiff's receipt of said Notice of Suit Rights. A copy of said Notice is attached to this Complaint as Exhibit "A".

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S FLSA AND FLSA RETALIATION CLAIM

**9.**

On or about July 20, 2011, Plaintiff began working as an Environmental Coordinator for Defendant, which was doing business on a contract basis at the Federal Law Enforcement Training Center in Brunswick, Georgia.

**10.**

At all relevant times, Plaintiff was employed as an Environmental Coordinator for Defendant, which was doing business on a contract basis at the Federal Law Enforcement Training Center in Brunswick, Georgia.

**11.**

Plaintiff was under the direct supervision of either James McClinton, Project Manager, or W. Jonathan Hardwick, Operations Manager, at all times relevant to Plaintiff's cause of action.

**12.**

While he was employed by Defendant, Defendant required Plaintiff to work many

hours of overtime off the clock, including most Saturdays.

## COUNT ONE: DEFENDANT'S FAILURE TO PAY PLAINTIFF HIS EARNED OVERTIME COMPENSATION

**13.**

While he was employed by Defendant, Defendant required Plaintiff to work many hours of overtime for which he has not been compensated at his proper overtime rate of pay.

**14.**

Defendant had full knowledge that Plaintiff was required to work overtime on many occasions.

**15.**

Defendant had full knowledge that it was required to pay Plaintiff his proper overtime rate for all of the overtime hours he worked for Defendant.

**16.**

Defendant willfully failed to compensate Plaintiff for the overtime hours he worked for Defendant.

**17.**

Defendant willfully failed to keep an accurate record of the overtime hours Plaintiff worked for Defendant.

**18.**

Defendant owes Plaintiff for all of his unpaid overtime hours of work

**19.**

Defendant owes Plaintiff liquidated damages in an amount equal to the amount of overtime compensation due to be paid to him.

**20.**

At all relevant times, Plaintiff was an employee of Defendant as defined and contemplated by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**21.**

The FLSA is applicable to Defendant's business and Defendant is an employer within the meaning of the FLSA.

**22.**

Defendant is engaged in interstate commerce as contemplated by the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

**23.**

This is an action for recovery of all damages allowable for employees resulting from the employer's failure to pay overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COUNT TWO: DEFENDANT'S ACTS OF RETALIATION IN VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FLSA

**24.**

This is an action for recovery of all damages allowable for an employer's violation of the anti-retaliation provision of the Fair Labor Standards Act.

**25.**

Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

**26.**

Plaintiff spoke with his supervisor on numerous occasions in April of 2013 to make

sure that he would be paid for the overtime hours that he had worked off the clock.

27.

Plaintiff's supervisor informed him that did not have to pay Plaintiff any overtime compensation.

28.

In May or June of 2013, in response to Plaintiff's complaints about Defendant's failure to pay Plaintiff for his overtime hours in April 2013, Plaintiff's supervisor changed Plaintiff's work schedule.

29.

Defendant unfairly disciplined Plaintiff in retaliation for complaining about not being paid overtime compensation for the overtime hours that he worked for Defendant off the clock.

30.

Defendant terminated Plaintiff's employment in retaliation for complaining about not being compensated for his overtime hours.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S TITLE VII RETALIATION CLAIM

31.

Plaintiff is a member of a protected class as contemplated by the Civil Rights Act of 1964, as amended, in that he is African American.

32.

Plaintiff began his employment with Defendant on or about July 20, 2011, as an Environmental Coordinator.

**33.**

Plaintiff received favorable performance reviews from his supervisor throughout the time period during which he was employed by Defendant.

**34.**

Throughout the time period during which Plaintiff was employed by Defendant, Plaintiff received no criticism or negative feedback about his job performance.

**35.**

On July 29, 2013, during a weekly managers' meeting, James McClinton, Project Manager (African American) accused Plaintiff and two other African American male managers of "throwing [him] under the bus."

**36.**

At the July 29, 2013, meeting, Mr. McClinton also stated that one of the African American male managers sent an email to corporate trying to get rid of him.

**37.**

At the August 1, 2013, managers' meeting, Mr. McClinton expressed his displeasure with his male managers, and stated, "That's what's wrong with niggers today. We can't get ahead because we are too busy trying to pull each other back down."

**38.**

On or about August 1, 2013, Plaintiff advised Mr. McClinton that he was offended by the August 1st derogatory racial comment.

**39.**

On or about August 1, 2013, Plaintiff made a telephone call to the corporate office of Defendant in Newark, California, to report the derogatory racial comment.

**40.**

Soon after Plaintiff made this telephone call to Defendant's corporate headquarters, Plaintiff's supervisor threatened Plaintiff with termination.

**41.**

Plaintiff's supervisor threatened Plaintiff with termination because of the telephone call Plaintiff made to Defendant's corporate headquarters.

**42.**

On October 17, 2013, Plaintiff was terminated from his employment.

**43.**

Plaintiff was informed by Defendant that he was laid off due to reduction in force.

**44.**

Defendant did not terminate any of its other employees at its Federal Law Enforcement Training Center location when it terminated Plaintiff.

## COUNT THREE: DEFENDANT'S ACTS OF RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

**45.**

On October 17, 2013, Plaintiff was the only employee of Defendant at its FLETC location who was terminated, allegedly because of a reduction in force.

**46.**

Defendant has hired other employees for its FLETC location since the date of Plaintiff's termination.

**47.**

Defendant has a seniority system.

**48.**

Plaintiff was the only employee at Defendant's FLETC location who was terminated, and other employees with far less seniority than Plaintiff were retained.

**49.**

Defendant retaliated against Plaintiff with a reckless disregard for Plaintiff's federally protected rights under the Civil Rights Act of 1964.

**50.**

After Plaintiff made a complaint to Defendant's corporate headquarters about his supervisor's use of a racial epithet, Defendant terminated him.

**51.**

After Plaintiff's termination, he applied for two open positions advertised by Defendant.

**52.**

Defendant terminated Plaintiff with a reckless disregard for Plaintiff's federally-protected rights in employment.

## **EQUITABLE RELIEF**

**53.**

Plaintiff re-alleges the foregoing paragraphs and incorporates them as if re-stated herein.

**54.**

Plaintiff will suffer irreparable harm, having no adequate remedy at law, unless equity intervenes to: 1) restrain and enjoin Defendant from interfering with Plaintiff's rights in employment; 2) restrain and enjoin Defendant from discriminating against him; and 3) require Defendant to cause Plaintiff to be restored to his rightful position, or, in the alternative, restore all of Plaintiff's past and future lost wages and benefits of employment.

## **DAMAGES**

**55.**

Defendant's actions directly and proximately caused Plaintiff to lose wages, past and future, medical insurance and all other benefits provided through his previous employment with Defendant.

WHEREFORE, Plaintiff prays:

1) That the Court impanel a jury to hear his cause;

2) That the Court find and declare that Defendant violated the FLSA by its willful refusal to pay Plaintiff for his overtime work for Defendant.

3) That the Court find and declare that Defendant terminated Plaintiff's employment in violation of the anti-retaliation provision of the FLSA;

4) That the Court order that Plaintiff be reinstated as to the position of Environmental Coordinator for Defendant at its Federal Law Enforcement Training Center location in Brunswick, Georgia;

5) That Plaintiff be reinstated with any promotion(s) he would have received had he not been wrongfully terminated;

6) That Plaintiff be awarded the back pay and overtime pay he would have earned together with interest and related monetary and other benefits Plaintiff would have received had he not been wrongfully terminated;

7) In the alternative, if reinstatement is not feasible, Plaintiff seeks front pay and benefits;

8) That the Court order such further equitable and injunctive relief as it

deems appropriate and necessary to correct the acts of retaliation complained of herein;

9) That Defendant pay Plaintiff's costs of this suit, together with reasonable attorney's fees and litigation costs, and

10) That Defendant pay sick pay and vacation pay which Plaintiff was wrongfully denied, plus interest on such same sum as the jury deems proper;

11) That Plaintiff be awarded all appropriate and allowable damages against Defendant warranted by the evidence to be shown at trial;

12) That Plaintiff be awarded all appropriate and allowable damages under the FLSA and under the anti-retaliation provision of the Civil Rights Act of 1964, including liquidated damages on any wages, salary, employment benefits or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA, plus interest calculated at the prevailing rate;

13) That Plaintiff be awarded an additional amount as liquidated damages equal to the sum of the amount set forth above, and to be proven at trial;

14) That Plaintiff be awarded pre-judgment interest, fees and costs;

15) That Plaintiff be awarded a reasonable attorney's fee;

16) That Plaintiff be awarded reasonable expert witness fees;

17) All other costs of this action and amounts which the Court deems proper and just;

18) That Plaintiff be awarded all overtime compensation due to him;

19) That Plaintiff be awarded all remedies allowable under the anti-retaliation provision of the FLSA;

20) Any other equitable relief to which Plaintiff may be entitled; and

21) Such other and further relief that this Court deems necessary and just.

This 10th day of June, 2014.

Respectfully submitted,

/s/ Rita C. Spalding
Rita C. Spalding
Attorney for Plaintiff
Georgia Bar No. 108640

1522 Richmond Street
Brunswick, GA 31520
912-261-8686 *Phone*
912-261-8689 *Facsimile*
rspaldinglaw@bellsouth.net

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Arvy W. Peters, Jr.<br>1052 Sand Dollar Way<br>Brunswick, GA 31523 | From: Savannah Local Office<br>7391 Hodgson Memorial Drive<br>Suite 200<br>Savannah, GA 31406 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2014-00158 | Denise Freeman,<br>Investigator Support Asst | (912) 652-4075 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

William M. Batts,
Acting Director

MAR 13 2014
*(Date Mailed)*

cc:
Vicky Mishra
Human Resources Manager
ZERO WASTE SOULTIONS
P O BOX 5097
Concord, CA 94524

Rita Spalding
1522 RICHMOND STREET
Brunswick, GA 31520



EXHIBIT "A"

STATE OF GEORGIA

UNITED STATES DISTRICT COURT

## VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, **ARVY PETERS**, who sworn deposes and states on oath that the facts contained in the foregoing *Complaint* are true and correct to the best of his knowledge, information and belief.

This 10 day of June, 2014.

_____
ARVY PETERS, Plaintiff

Sworn to and subscribed before me
this 10th day of June, 2014.

_____
Notary Public
State of Georgia
County of Glynn
My commission expires: 07-11-15
(SEAL)