UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ARVY PETERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 2:14-CV-00083-JRH-RSB |
| v. | ) | |
| | ) | |
| ZWS/ABS JOINT VENTURE, | ) | |
| d/b/a ZERO WASTE SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SECOND JOINT MOTION FOR COURT TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE**

COME NOW Plaintiff, ARVY PETERS, and Defendant, ZWS/ABS JOINT VENTURE I, d/b/a ZERO WASTE SOLUTIONS, through their undersigned counsel, and respectfully move the Court to approve the parties' settlement agreement and dismiss this action with prejudice, and in support of the same state the following:

1. On July 18, 2016, Plaintiff and Defendant submitted a Joint Motion for Court to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice. Dkt. 50. This Court denied that motion on August 17, 2016, raising concerns regarding the content of the motion and the breadth of the Settlement Agreement and Mutual Release attached thereto. Dkt. 51. This Motion and its attachments are intended to address the concerns of the Court by describing why this settlement represents a fair compromise and limiting the scope of the release of claims.

2. Plaintiff and Defendant have reached a full and final resolution of the claims set forth by Plaintiff individually in the above-styled matter. Plaintiff and Defendant stipulate that

the above-styled action and all claims asserted in the action be dismissed with prejudice. The parties shall bear their own costs.

3. Plaintiff brought this action against Defendant, his former employer. Plaintiff's action against Defendant contained a three-count claim: Count One for the recovery of unpaid overtime and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"); Count Two for retaliation in violation of the FLSA; and Count Three for retaliation in violation of Title VII of the Civil Rights Act of 1964. Dkt. 1. On April 13, 2015, Defendant filed a Motion for Partial Summary Judgment as to Counts Two and Three. Dkt. 26. On February 16, 2016, this Court granted Defendant's Motion. Dkt. 47.

4. In defending against Plaintiff's FLSA action, Defendant denied violating the FLSA. As a result of the litigation, the parties have *bona fide* disputes about factual and legal issues, including Defendant's liability to Plaintiff under the FLSA and the proper measure of damages.

5. There are only two ways in which back wage claims arising under FLSA can be settled or compromised by employees. Nail v. Mai-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982)). The first is under the supervision of the Secretary of Labor. Id.; 29 U.S.C. § 216(c). The second means of compromise is provided in the context of suits brought directly by employees against their employer to recover back wages for FLSA violations. Nail, 723 F.3d at 1306; 29 U.S.C. § 216(b). In such lawsuits, the parties may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Nail, 723 F .3d at 1306. In determining whether the proposed settlement presents a fair and

reasonable resolution, courts keep in mind the strong presumption in favor of finding a settlement fair. Dail v. George A. Arab Inc., 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005).

6. The instant case falls under the latter of those two settlement methods, where an employee has bought an action against an employer under 29 U.S.C. § 216(b) and the parties present a proposed settlement to the Court. In an effort to avoid the expenses of litigation and with no admission of liability by Defendant, Plaintiff and Defendant have negotiated and memorialized a settlement agreement. Plaintiff and Defendant's Settlement Agreement and Mutual Release and First Amendment to Settlement Agreement and Mutual Release (collectively, "Settlement Agreement") are attached hereto at Exhibit A and Exhibit B.

7. In determining the fairness of settlements under § 216(b), courts recognize that the most cause for concern exists when the plaintiff employee is still working for the defendant employer. Nail, 723 F.3d at 1307 ("An employee is subject to the supervision and personnel decisions of his employer and the possibility of retaliation may pervade the negotiations."). Here, Plaintiff's employment was terminated in October of 2013, and the parties reached a settlement agreement on July 8, 2016. Plaintiff, represented by experienced counsel, was therefore not subject to his former employer's supervision or personnel decisions when he signed the Agreement.

8. Plaintiff's representation by counsel is a strong indicator that the Agreement is fair, and there are no other facts in the record that would overcome the presumption of fairness (e.g., evidence of fraud, the presence of a confidentiality clause). See Parker v. Encore Rehab., Inc., 2012 WL 6680311, *4 (S.D. Ala. Dec. 21, 2012) (denying joint motion to approve FLSA settlement agreement containing a confidentiality clause noting that such terms are evidence of side deals and are disfavored in FLSA settlement agreements); see also Dees v. Hydradry, Inc.,

706 F. Supp.2d 1227, 1241 (M.D. Fla. 2010) (factors for evaluating fairness of FLSA settlements include existence of fraud or collusion behind settlement).

9.  Moreover, this settlement reflects a reasonable compromise over the issues, i.e., the compensation due to Plaintiff, such that the Court should approve the settlement. See Lynn's Food Stores, 679 F.2d at 1353.  Here, Plaintiff and Defendant reached a compromise that the amount owed to Plaintiff is comprised of back wages in the amount of $4,737.21 (comprised of $1,176.24 in straight time and $3,560.97 in overtime), liquidated damages in the amount of $3,560.97, and attorneys' fees and costs in the amount of $3,701.82.  Plaintiff acknowledges that, pursuant to the Settlement Agreement, he is being paid all wages that he claims he is owed to him and that he is not owned any other damages for unpaid wages.  Plaintiff also acknowledges and agrees that the amounts paid to him adequately and fairly compensate him for the damages he claims he has suffered.  See Grimes v. SE. Restaurants Corp., No. 1:12-CV-150 WLS, 2013 WL 4647374, at *2 (M.D. Ga. Aug. 29, 2013) (approving settlement where "Damages Award contemplated by the parties' Settlement is a 'fair and reasonable resolution of a bona fide dispute[]'").

10.  Additionally, Plaintiff and Defendant have executed an amendment to the Settlement Agreement previously presented to the Court.  See Ex. A, Ex. B.  The First Amendment to Settlement Agreement and Mutual Release limits the Settlement Agreement to a resolution of Plaintiff's claims that were brought in this action regarding compensation under the FLSA.  Ex. B.  Accordingly, the Settlement Agreement does not contain a pervasive release which is disfavored by this Court.  See Marshall v. Good Vocations, Inc., No. CV 111-200, 2013 WL 394389, at *1 (S.D. Ga. Jan. 31, 2013) ("Further, the release provision of the settlement

4

covers only actions related to or arising under the FLSA and is therefore neither pervasive nor unfair.").

WHEREFORE, Plaintiff and Defendant respectfully request that the Court approve the Settlement Agreement, finding that the Settlement Agreement is a fair and reasonable resolution of this matter, and dismiss this action with prejudice.

Respectfully submitted,

Date: November 2, 2016.

/s/ Rita C. Spalding
Rita C. Spalding
Georgia Bar No. 108640
1522 Richmond Street
Brunswick, GA 31520
Telephone: (912) 261-8686
Facsimile: (912) 261-8689
rspaldinglaw@bellsouth.net
*Attorney for Plaintiff*

/s/ Shawn A. Kachmar
Shawn A. Kachmar
Georgia Bar No. 405723
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
200 East Saint Julian Street
Savannah, Georgia 31412-0048
Telephone: (912) 236-0261
Fax: (912) 236-4936
skachmar@huntermaclean.com
*Attorneys for Defendant*

                Paul W. Mengel III
                Nichole DeVries
                Georgia Bar No. 463316
                PilieroMazza PLLC
                888 17th St., N.W., Suite 1100
                Washington D.C. 20006
                Telephone: (202) 857-1000
                Fax: (202) 857-0200
                pmengel@pilieromazza.com
                natallah@pilieromazza.com
                *Attorneys for Defendant*
                (Admitted *pro hac vice*)

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing *Second Joint Motion for Court to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice* with the Clerk of Court for the United States District Court for the Southern District of Georgia, Brunswick Division, by using the CM/ECF system which will send notification of such filing to the following Attorneys for Defendants:

1)     Paul W. Mengel III, Esq., *pmengel@pilieromazza.com*
       Nichole DeVries Atallah, Esq., *natallah@pilieromazza.com*
       PilieroMazza PLLC, 888 17th St., N.W., Suite 1100, Washington DC 20006

2)     Rita C. Spalding, Esq., rspalding;aw@bellsouth.net
       1522 Richmond Street, Brunswick, GA 31520

This 2nd day of November, 2016.

                */s/* Shawn A. Kachmar
                *Attorney for Defendant*