# EXHIBIT A

Case 2:14-cv-00083-JRH-RSB   Document 53-1   Filed 11/02/16   Page 1 of 5

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is entered into as of this 19th day of September, 2016, by and between Arvy Peters, of 1052 Sand Dollar Way, Brunswick, Georgia 31523 (hereinafter referred to as "Plaintiff" or "Mr. Peters"), and ZWS/ABS Joint Venture I d/b/a Zero Waste Solutions, a California limited liability company, located at 1850 Gateway Boulevard, Suite 1030, Concord, California 94520 (hereinafter referred to as "Defendant" or "ZWS").

WHEREAS, on June 10, 2014, Plaintiff filed a complaint against Defendant in the United States District Court for the Southern District of Georgia, Brunswick Division, Civil Action No. 2:14-CV-00083. The complaint sets forth claims arising out of the Plaintiff's employment with ZWS (the "Litigation"); and

WHEREAS, pursuant to the terms of this Agreement, Plaintiff and Defendant have agreed to resolve all claims that were brought in the Litigation, other than Plaintiff's claims regarding compensation under the Fair Labor Standards Act, and all claims that could have been brought in the Litigation or in any other court or forum based on any conduct of the Parties or their employees, officers, independent contractors or agents, arising out of or relating to the subject matter of the Litigation (collectively referred to as the "Resolved Claims").

NOW, THEREFORE, the Parties hereto, through their respective authorized signatories, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, agree as follows:

1. **Mutual Release.**

    a. Plaintiff, on behalf of himself, his representatives, agents, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties ("Plaintiff Releasors") does hereby release, remise, and discharge Defendant as well as each of its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties (hereinafter "Defendant Released Parties") from any and all claims, demands, actions, obligations, debts, damages, attorneys' fees, costs, judgments, liens, causes of action, and/or liabilities of any kind that he had, has, or may have against Defendant Released Parties arising out of or relating to the Resolved Claims. **Nothing in this Mutual Release or this Agreement shall be construed to release any Party of its obligations under this Agreement, affect the ability of any Party to enforce rights under this Agreement, or affect claims accruing after the execution of this Agreement.**

    b. Defendant, on behalf of itself, its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties ("Defendant Releasors") does

1

    hereby release, remise, and discharge Plaintiff as well as each of his representatives, agents, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties (hereinafter "Plaintiff Released Parties") from all claims, demands, actions, obligations, debts, damages, attorneys' fees, costs, judgments, liens, causes of action, and/or liabilities of any kind that it had, has, or may have against Plaintiff Released Parties arising out of or relating to the Resolved Claims. **Nothing in this Mutual Release or this Agreement shall be construed to release any Party of its obligations under this Agreement, affect the ability of any Party to enforce rights under this Agreement, or affect claims accruing after the execution of this Agreement.**

2. **No Admission of Liability.** The Parties acknowledge that this Agreement was agreed upon as a compromise and final settlement of disputed claims and that this Agreement is not, and may not be construed as, an admission by any Party, or its respective agents or representatives, of liability, wrongdoing, or a violation of any law. Each Party specifically disclaims and denies (a) any liability to the other Party and (b) engaging in any wrongful, tortious, or unlawful activity.

3. **Attorneys' Fees and Costs.** Except as stated elsewhere in this Agreement, each Party to this Agreement shall bear its own attorneys' fees and costs arising out of or relating to the Litigation including the negotiation, preparation, and execution of this Agreement.

4. **Successors and Assigns.** This Agreement is binding upon and shall accrue to the benefit of the Parties hereto and the successors-in-interest and assignees of the respective Parties.

5. **Governing Law.** All other disputes, claims, questions, or disagreements between the Parties in connection with this Agreement shall be finally settled, governed, construed, and interpreted in accordance with the laws of the State of Georgia without regard to its conflict of law principles that might refer the interpretation hereof to the laws of another state, except as to any provisions governed by the laws and regulations of the United States, as to which provisions the applicable laws and regulations of the United States shall govern.

6. **Entire Agreement; No Oral Modification.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made part of this Agreement. This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements, understandings, and arrangements, oral or written, between the Parties with respect to the subject matter herein. This Agreement may not be modified or amended except by written agreement, signed by both Parties.

7. **Headings.** The titles, captions, and headings of the various sections of this Agreement are merely for convenience of reference and have no substantive

significance and do not define, limit, or describe the scope of this Agreement or the intent of any provision herein.

8. **Ambiguities.** The language of this Agreement shall be construed as a whole, according to its fair meaning and intendment, and not strictly for or against any Party, regardless of who drafted or was principally responsible for drafting the Agreement or any specific provision thereof. Each Party and/or counsel for each Party has reviewed and negotiated this Agreement, and it shall be deemed to have been drafted by all Parties, and no Party shall urge otherwise. Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

9. **Counterparts; Electronic Signatures.** This Agreement may be executed and delivered in one or more counterparts, each of which will be deemed to be an original copy of this Agreement, and all of which, taken together, will be deemed to constitute the same agreement. Each counterpart shall be equally admissible in evidence. This Agreement and any document or schedule required hereby may be executed by signatures transmitted by facsimile, email, or other electronic means that shall be considered legally binding for all purposes. This Agreement shall not take effect unless and until executed by all Parties hereto.

10. **Authority.** Each Party represents and warrants that it has the full corporate power and authority to enter into and execute this Agreement and to perform all obligations herein set forth. Each signatory to this Agreement who signs on behalf of a Party represents and warrants he or she has the authority to sign on behalf of that Party and to bind the individual/entity signed for and all predecessors and successors to the obligations contained herein.

11. **Severability.** If any term of this Agreement is determined by a court of competent jurisdiction to be illegal, otherwise invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term. If application of this Severability provision should materially and adversely affect the economic substance of the transactions contemplated hereby, the Party adversely impacted shall be entitled to seek a modification of the Agreement from the other Party, or, failing that, to terminate the Agreement upon thirty (30) days' written notice, provided the reason for the invalidity or unenforceability of a term is not due to serious misconduct by the Party seeking such modification or termination.

12. **Jurisdiction.** The Parties hereby expressly and irrevocably consent that any suit, action, or proceeding arising out of or related to this Agreement shall be brought in either (i) Georgia state courts located in Glynn County, Georgia or (ii) the Brunswick Division of the United States District Court for the Southern District of Georgia.

13. **No Waiver.** Failure by any Party to enforce any provision of this Agreement shall not be construed to be a waiver of such provisions or their rights thereafter to enforce such provisions or any other provision. Any waiver of any kind by either Party hereto of any provision or condition of this Agreement must be by an instrument in writing and shall be effective only to the extent specifically set forth in such writing.

**IN WITNESS WHEREOF**, the Parties have, through their duly authorized representatives, executed this Settlement Agreement and Mutual Release as of the date first indicated above.

ARVY PETERS

Date: 22 Sep 2016          By: _____
                                Arvy Peters


ZWS/ABS JOINT VENTURE I, D/B/A ZERO WASTE SOLUTIONS


Date: 28 October 2016      By: _Shavila Singh_____
                                Shavila Singh

                           Title: President_____

4