IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ARVY PETERS,

    Plaintiff,

v.     CV 214-083

ZWS/ABS JOINT VENTURE d/b/a
ZERO WASTE SOLUTIONS,

    Defendant.

## O R D E R

Plaintiff initiated this action in June 2014 and alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by not properly paying him overtime compensation, retaliated against him in violation of the FLSA, and retaliated against him in violation of Title VII. (See Doc. 1.) In April 2015, Defendant filed a motion for summary judgment on Plaintiff's retaliation claims, which the Court granted. (Docs. 26, 47.) The parties subsequently reached a settlement and requested the Court's approval in July 2016. (Doc. 50.) Concerned about the broad reach of the parties' settlement agreement, the Court denied their motion to approve. (Doc. 51.) Since then, the parties have amended their settlement agreement and now seek approval of the amended agreement. (Doc. 53.)

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Id.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such a case, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA

2

coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiff filed suit and is represented by counsel, which indicates that a true conflict exists. And Plaintiff is receiving all the wages he claims he is owed in this matter. After careful consideration, the Court is satisfied that the parties' settlement represents a reasonable compromise. Accordingly, the Court **GRANTS** the parties' motion and **APPROVES** their settlement. This case is hereby **DISMISSED WITH PREJUDICE.** The Clerk shall **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 27th day of December, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA